# In the United States Court of Federal Claims

Nos. 25-1101, 25-1189, 25-1276, 25-1277, 25-1278, 25-1333, 25-1425, 25-1426,
25-1427, 25-1475, 25-1496, 25-1538, 25-1636, 25-1640, 25-1789
(Filed:  18 November 2025)

***************************************
*
EVCON-CWC JV, LLC, *et al.*,           *
*
       Plaintiffs,           *
                      *  Nos.   25-1101, 25-1189, 25-1276,
v.                                     *            25-1277, 25-1278, 25-1333,
*            25-1425, 25-1426, 25-1427,
*            25-1475, 25-1496, 25-1538,
*            25-1636, 25-1640, 25-1789
THE UNITED STATES,                     *
*
       Defendant.           *
*
***************************************

## ORDER

On 30 June 2025, plaintiff EVCON-CWC JV, LLC ("EVCON") filed a pre-award bid protest against the United States, Naval Facilities Engineering Systems Command ("NAVFAC"), challenging NAVFAC's inclusion of a Project Labor Agreement requirement as part of the Solicitations.  *See* Compl. ¶¶ 1–2, ECF No. 1, *EVCON-CWC JV, LLC v. United States*, No. 25-1101.  EVCON filed a Notice of Directly Related Cases, explaining the case is directly related to *MVL USA, Inc. v. United States*, No. 24-1057.  *See* Notice of Directly Related Case, ECF No. 2, *EVCON*.  Since 30 June, numerous plaintiffs have filed similar protests challenging government agencies' inclusion of project labor agreements—all have noted direct relation to *EVCON*, *MVL*, or another protest challenging project labor agreements.  *See* 27 August 2025 Order Consolidating Cases, ECF No. 12.

As of 26 August 2025, ten pending bid protest cases related to project labor agreements remained:  *Brasfield & Gorrie, LLC v. United States*, No. 25-1140, *EVCON*, No. 25-1101, *Hensel Phelps Construction Co. v. United States*, Nos. 25-1189, 25-1276, 25-1277, 25-1425, 25-1426, and 25-1427, *Cox Construction Co. v. United States*, No. 25-1278, and *Flatiron Dragados Constructors, Inc. v. United States*, No. 25-1333.  On 27 August 2025, the Court noted, "based on representations from counsel for the government and the United States Army Corps of Engineers," the *Brasfield & Gorrie* case "concern[ed] an urgent procurement with a strict terminus of 15 December 2025."  *See* 27 August 2025 Order Consolidating Cases at 2.  Accordingly, the Court set an expedited schedule and stated its intent to resolve the protest before the expiration of the voluntary stay in that case on 15 December.  *See id*.  After setting a briefing schedule for the urgent protest, the Court then consolidated the remaining ten protests and stayed the consolidated action pending the outcome of *Brasfield & Gorrie*.  *See id*.

After three more bid protests related to project labor agreements have been filed, the government moved to consolidate with *EVCON* and stay in all three cases and without opposition from any party.  Gov't's Unopposed Mot. to Consolidate Case Nos. 25-1101 at 1, *Trade West Construction, Inc. v. United States*, No. 25-1475; *see also* Gov't's Unopposed Mot. to Consolidate Case Nos. 25-1101 at 1, *S.E.A. Construction, LLC v. United States*, No. 25-1496; Gov't's Unopposed Mot. to Consolidate Case Nos. 25-1101 at 1, *Garney Federal – Obayashi JV v. United States*, No. 25-1538.  The Court granted the three motions to consolidate and stay on 26 September 2025.  *See* 26 September 2025 Order Consolidating Cases, *EVCON*, ECF No. 16.

Since then, three additional related bid protests have been filed.  *See KBE Building Corp. v. United States*, No. 25-1636; *Orion Marine Construction, Inc. v. United States*, No. 25-1640; *HSGS-Ameresco, LLC v. United States*.  On 17 November 2025, plaintiffs filed motions to consolidate and stay these three related bid protests with lead case *EVCON*.[1]  *See* Pl.'s Joint Mot. to Consolidate Case Nos. 25-1789 with this case, *EVCON*, ECF No. 21; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1636 with this case, *EVCON*, ECF No. 22; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1640 with this case, *EVCON*, ECF No. 23.  The parties noted "[d]espite involving different solicitations, [*EVCON*,] *KBE* [*Building*, *Orion*, and *HSGS-Ameresco*] involve common questions of law, namely, whether the Government violated CICA when it incorporated PLA requirements in the solicitations at issue in each respective case."  *See* Pl.'s Joint Mot. to Consolidate Case Nos. 25-1789 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1636 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1640 with this case at 2, *EVCON*.  As a result, the parties "respectfully request[ed] that the Court consolidate [the new bid protests] with [*EVCON*] and stay [the new bid protests] along with the other cases consolidated in this action."  *See* Pl.'s Joint Mot. to Consolidate Case Nos. 25-1789 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1636 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1640 with this case at 2, *EVCON*.

RCFC 42(a) provides: "If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Here, the cases involve a common question of law.  The Court therefore **CONSOLIDATES** *KBE Building*, No. 25-1636, *Orion*, No. 25-1640, and *HSGS-Ameresco*, No. 25-1789, with the already-consolidated action under lead case *EVCON*, No. 25-1101 (and member case Nos. 25-1189, 25-1276, 25-1277, 25-1278, 25-1333, 25-1425, 25-1426, 25-1427, 25-1475, 25-1496, 25-1538) pursuant to RCFC 42(a)(2).  *EVCON*, No. 25-1101, will continue to be the lead case; all future filings shall bear the following caption, located on the next page:

---

[1] The Court uses the filing date of the motions in lead case *EVCON* given all future filings related to the consolidated case shall be filed on the *EVCON* docket.

```
*************************************
                                    *
EVCON-CWC JV, LLC, *et al.*,        *
                                    *
              Plaintiffs,           *    Nos.    25-1101, 25-1189, 25-1276,
                                    *            25-1277, 25-1278, 25-1333,
v.                                  *            25-1425, 25-1426, 25-1427,
                                    *            25-1475, 25-1496, 25-1538,
THE UNITED STATES,                  *            25-1636, 25-1640, 25-1789
                                    *
              Defendant.            *
                                    *
*************************************
```

With the issue of consolidation resolved, the Court turns next to the parties' motion to stay the three new member cases "until the Court resolves *Brasfield & Gorrie* and the parties file a joint status report addressing further proceedings in this case, or until [a member case] is dismissed, whichever is earlier.  *See* Pl.'s Joint Mot. to Consolidate Case Nos. 25-1789 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1636 with this case at 2, *EVCON*; Pl.'s Joint Mot. to Consolidate Case Nos. 25-1640 with this case at 2, *EVCON*.  Given "no plaintiff opposes th[ese] motion[s]," *see id.*, and the parties jointly request consolidation and stay, consistent with the discussion with the parties at the 14 August Status Conference, the Court hereby **STAYS** this consolidated action.  *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("Trial courts are given broad latitude in managing and scheduling cases.").  As ordered in the Court's 27 August and 26 September 2025 Orders Consolidating Cases, the parties **SHALL FILE** a short Joint Status Report every thirty days (starting from 26 August) detailing the status of including project labor agreements in the respective agencies' solicitations in all consolidated cases, with the first Joint Status Report due **on or before 18 December 2025**.

   **IT IS SO ORDERED.**

                                        s/ Ryan T. Holte
                                        RYAN T. HOLTE
                                        Judge